## A. W. GOFF v. A. O. BRAINERD.

*Commixture. Logs. Reference. Questions of Fact.*

1.  The rule of law as to confusion or commixture of goods does not apply to floating logs so distinctly marked that their identity is not lost.
2.  The plaintiff purchased 2,800 logs of B., and the defendant wrongfully appropriated 355 of them. The referee reported that 230 of these were taken after the purchase, but that he was unable to find whether the rest were, before or after, though some were before; but did find that the defendant promised "to settle and pay" the plaintiff's account; *Held*, (*a*) that the liability was to the *owner* of the logs, and that judgment could be rendered for only the 230; (*b*) that it was not a case where the defendant was chargeable on account of knowledge being peculiarly within his reach; (*c*) and that it was a question of fact, which should have been found by the referee, and could not be inferred by the court, whether the promise related to all the logs or only to the 230.

GENERAL ASSUMPSIT. Plea, set off. Heard on a referee's report, September Term, 1885, ROYCE, Ch. J., presiding. Judgment for the smallest sum reported.

The referee reported, that the plaintiff and defendant owned saw mills on the same river, the plaintiff's mill being a few rods below the defendant's; that the defendant had built booms across the river for the purpose of securing his own logs, which he floated down in large quantities; that Blanchard & Garland, in June, 1875, sold to the plaintiff 2,800 logs, which were marked on one or both ends with the letters "J. C." in a square; that these logs, prior to the plaintiff's purchase, had been put into the said river, and floated down, and mingled with the defendant's logs in his booms. It was found that the logs were worth thirty cents

apiece; and it was submitted to the court to decide whether the defendant was liable for the 355 logs, amounting to $106.50, or for the 230, amounting to $69. Appeal by the plaintiff.

*H. E. Rustedt* and *E. H. Powell*, for the plaintiff.

The defendant is liable unless he can show, (1) that he has paid for all the " J. C." logs used by him; or, (2) that the plaintiff's logs became mingled with his own by such fraudulent acts, as to produce a forfeiture; neither of which appears. *Ryder* v. *Hathaway*, 21 Pick. 298, approved by RED-FIELD, J., in *Prat* v. *Bryant*, 20 Vt. 333, governs this case.

*Farrington & Post*, for the defendant.

The plaintiff can recover for only the 230 logs.

The opinion of the court was delivered by

VEAZEY, J. Although the logs in question were mingled with the defendant's logs their identity was not lost. Being distinctly marked there could be no confusion or commixture of goods in the sense implied by those terms in law. Upon the facts reported, it is a case of appropriation and turning into money of another's property, knowingly and without right. For such appropriation the defendant is liable to the *owner*. The referee finds that the plaintiff was the owner of 230 of the " J. C." logs when taken by the defendant, but says he cannot find that he was the owner of the balance of the 355 logs, but does find that some of that balance were taken by defendant *before* the purchase by the plaintiff, but how many, or whether all he cannot tell. It is obviously not a case where the defendant should be chargeable on account of the means of knowledge being peculiarly within his reach and not of the other party. We think there is no legal ground upon which the defendant's liability to the plaintiff can be extended beyond the 230 logs, unless by reason of the promise " to settle and pay." Upon this point

the referee finds that a short time before the commencement of this suit, the plaintiff called upon the defendant to settle with him for the logs, and the defendant told the plaintiff to make out his account and he would settle and pay him.

It is a question of fact as to whether the parties referred to all the logs now in controversy or the 230, and a question to be found by the referee and not to be inferred by the court. *Darby* v. *Bank*, 57 Vt. 370. Without the inference it is plain that the promise cannot be extended to apply to logs not owned by the plaintiff when taken by the defendant. It is not entirely clear that the report will admit of the construction that Blanchard & Garland had transferred to the plaintiff *their* claim against the defendant for *their* logs taken by the defendant, or if it will, that the defendant knew of it. Knowledge of the sale that took place would not necessarily imply knowledge of the other fact.

Judgment affirmed.